IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHARON SURLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:01-CV-107 |
| ) | (GUYTON) |
| GREYHOUND LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 404].

The defendant Greyhound Lines, Inc. ("Greyhound") moves to exclude any evidence at trial regarding other Greyhound incidents. Greyhound argues that these other incidents lack the requisite substantial similarity to be admissible under applicable law and therefore must be excluded. [Doc. 344].

For good cause shown, the defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Evidence Regarding Other Greyhound Incidents [Doc. 344] is **GRANTED IN PART** and **DENIED IN PART**. Incident reports shall be admissible if it can be determined from the report or the testimony of a witness that:

> (1) The incident occurred between October 3, 1997 and October 3, 2001;

(2) The incident involved a passenger assaulting or attempting to assault the driver or grabbing or attempting to grab the driver, the steering wheel or the brakes; and

(3) The incident occurred while the bus was in motion.

The parties are **DIRECTED** to review the incident reports at issue and determine which of these reports meet these criteria. Those incident reports which the parties cannot agree meet these criteria shall be taken up at the motion hearing on August 1, 2005.

**IT IS SO ORDERED.**

                                **ENTER:**

                                s/ H. Bruce Guyton
                            United States Magistrate Judge