IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHARON SURLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:01-CV-107 |
| ) | (GUYTON) |
| GREYHOUND LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court held a hearing on all pending pretrial motions on August 1, 2005. For the reasons stated in open court, and for good cause shown, it is **ORDERED**:

1. Defendant Motor Coach Industries, Inc. having been dismissed as a defendant in this action, its Motion for Summary as to Bernard Short [Doc. 278] and its Motion to Exclude the Testimony of Charles Benedict Regarding Medical Causation [Doc. 324] are **DENIED AS MOOT**;

2. Defendant Greyhound Lines, Inc.'s Motions for Court Order Pursuant to Local Rule 7.1(b) [Docs. 337, 392] are **GRANTED**;

3. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Affidavit of Garfield Sands [Doc. 339] is **DENIED**;

4. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude the Opinions of Plaintiff's Expert Thomas Strentz [Doc. 371] is **DENIED AS MOOT**;

5. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Certain Portions of the Deposition Testimony of Rosa T. Bray or Live Testimony from Rosa T. Bray Concerning Subsequent Remedial Measures and Other Previous and/or Subsequent Incidents [Doc. 373] is **TAKEN UNDER ADVISEMENT**;

6. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Opinions of Lance Watt [Doc. 375] is **GRANTED IN PART** and **DENIED IN PART**;

7. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude the Testimony of Robert Martin [Doc. 377] is **GRANTED IN PART** and **DENIED IN PART**;

8. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Evidence During Any Possible Punitive Damages Phase [Doc. 378] is **DENIED**;

9. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Opinions of Ronald Cox [Doc. 381] is **DENIED AS MOOT**;

10. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Evidence of Subsequent Remedial Measures [Doc. 383] is **TAKEN UNDER ADVISEMENT**;

11. Defendant Greyhound Lines, Inc.'s Motion in Limine to Exclude Evidence of Any Publicity the Incident Has or Is Alleged to Have Received [Doc. 385] is **GRANTED**;

12. Plaintiff's Motion for Evidentiary Hearing on Motions in Limine to Exclude the Opinions of Lance Watt, Robert Martin, Ronald Cox, and Dr. Thomas Strentz [Doc. 397] is **GRANTED**;

13. Plaintiff's Motion in Limine to Exclude All Mention of Any Collateral Source Payments [Doc. 402] is **GRANTED**;

14. Plaintiff's Motion in Limine to Preclude Greyhound Lines Inc. From Arguing Any Evidence of a Suicide Attempt By the Assailant Damir Igric [Doc. 405] is **DENIED**;

15. Defendant Greyhound Lines, Inc.'s Motion for Leave to File Motion in Limine to Exclude Testimony of Judy Huffer Regarding Injured and Deceased Passengers Surrounding Ms. Surles at the Scene of the Accident [Doc. 408] is **GRANTED IN PART** and **DENIED IN PART**;

16. Plaintiff's Motion in Limine to Exclude Any Reference by Greyhound Lines Inc. To Damir Igric as a Terrorist, Muslim, Member of Al-Queda or Any Reference to Any Connection with Any Terrorist Activity [Doc. 410] is **DENIED**;

17. Plaintiff's Motion in Limine to Exclude All Mention of Any Drug Test Results of Plaintiff Sharon Surles [Doc. 412] is **GRANTED**;

18. Plaintiff's Motion in Limine to Exclude Any Non-Rebuttal Opinions by Defendant's Experts [Doc. 417] is **TAKEN UNDER ADVISEMENT**;

19. Defendant Greyhound Lines, Inc.'s Motion for Reconsideration and/or Motion for Clarification [Doc. 420] is **DENIED**;

20. Defendant Greyhound Lines, Inc.'s Motion for Protective Order [Doc. 422] is **DENIED**; and

21. Plaintiff's Motion to Waive Expert Witness Limit [Doc. 435] is **GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge